USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

HARTFORD LIFE INSURANCE COMPANY,   Civil Act. No. 2010-cv-05529(RJH)

                                 Plaintiff,

           -against-   **PROPOSED SCHEDULING ORDER**

SAVITRIE ALLEN, CHARLIE CAMERON,
GEORGE CAMERON, and ADAM CAMERON,

                                Defendants.

-----------------------------------------------------------X



OCT - 5 2010

    1a.    <u>Attorneys of Record</u>

Michael H. Bernstein, Esq.
SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorneys for Plaintiff*
125 Broad Street, 39th Floor
New York NY 10004-2400
(212) 898-4011

Mathew Paulose Jr., Esq.
Koehler & Isaacs LLP
61 Broadway, 25th Fl.
New York, NY 10006
*Attorneys for Defendants*

    1b    <u>Basis of Jurisdiction</u>

Diversity of citizenship under 28 U.S.C. § 1332(a)(1).

    1c    <u>Claims Asserted</u>

**Plaintiff's Claims.**

    Hartford Life Insurance Company ("Hartford") is seeking relief in the form of an Order requiring the defendants to interplead and settle between themselves their respective rights to Death Benefits payable by Hartford following the death of Charlie R. Cameron (the "Decedent") who was insured under two of Hartford's Accidental Death and Dismemberment ("AD&D") policies. This relief is requested because the named beneficiary of the policies, Defendant Savitrie Allen, remains a suspect in Decedent's death. Accordingly, Hartford requests that the

Court accept the proceeds of the Policies and interest into its Registry pursuant to Fed. R. Civ. P. 22 and 67. Hartford also seeks an Order that each of the defendants be restrained and enjoined from instituting, prosecuting or maintaining, directly or indirectly, any claim or action of any type or kind against Hartford arising from or in any manner connected with the Policies, the Death Benefit thereunder, and/or their respective claims for payment of some or all of such Death Benefit.

**Defendants' Defenses.**

None.

1d      Major Legal and Factual Issues

**Plaintiff's Major Legal and Factual Issues.**

On April 6, 2006, the Decedent died as a result of incised wounds of his neck with injury of the major vessels, and a stab wound on his back. On the date of his death, Defendant Savitrie Allen ("Allen") was the sole named beneficiary under Decedent's Policies. Defendants Charlie Cameron, George Cameron, and Adam Cameron are Decedent's children and contingent beneficiaries under the Policies. The Policies were in full force and effect on the date of the Decedent's death, and a total sum of $358,000 was and is payable under the terms of the Policies (the "Death Benefit"). Hartford was informed by the New York City Police Department that Decedent's death was ruled a homicide and Defendant Savitrie Allen remains a suspect in the Decedent's murder. Accordingly, Hartford cannot release the Death Benefit to Allen until there is verification from the investigating law enforcement agency that she was not involved or complicit in the death of the Decedent. If Allen is not an eligible beneficiary under the terms of the Plan, Decedent's eligible contingent beneficiaries, if any, would receive the Death Benefit, including contingent beneficiaries Charlie Cameron, George Cameron, and Adam Cameron.

The major legal issue is whether Hartford should pay the Death Benefit to Allen before the named defendants have established who amongst them is entitled the proceeds under the terms of the Plan. Hartford does not make any claim of entitlement to the Death Benefit, but it should not bear the risk of being sued for paying the Death Benefit to an ineligible beneficiary and potentially paying the death benefit more than once.

**Defendants' Major Legal And Factual Issues.**

There are no issues, whether factual or legal, before the court. All four interpleaded defendants will stipulate that Ms. Savitrie is the appropriate beneficiary under the policies. Indeed, once plaintiff is discharged of its duties and the insurance proceeds submitted to the court, defendants intend to immediately submit a settlement agreement and order providing for the distribution of the proceeds to Ms. Savitrie. In short, there are no adverse claims; this interpleader action was instituted merely out of an abundance of caution.

     1e     Relief Sought

**Plaintiff's Relief Sought.**

*Please refer to Section 1c, where Plaintiff describes the relief sought.*

**Defendants' Relief Sought.**

Please refer to Section 1d above.

- 2a    Pending Motions – None
- 2b    Cutoff date for Joinder of Additional Parties – 12/15/10
- 2c    Cutoff date for Amendments to pleadings –12/15/10
- 2d    Completion of Discovery
    - i.    Rule 26(a)(1) Disclosures – 12/30/10
    - ii.   Fact discovery completion Date – 12/30/10
    - iii.  Rule 26(a)(2) disclosures – ~~2/30/11~~ 2/28/11
    - iv.  Expert discovery completion Date – 8/30/11
- 2e    Dispositive Motions – 12/15/11
- 2f    Final Pretrial Order – 12/15/11
- 2g    Trial Schedule
    - i.    Jury Requested – Yes
    - ii.   Length of Trial - N/A at current time
    - iii.  Case ready for trial – N/A at current time
- 3.    Do not consent to proceed before magistrate
- 4.    Settlement Discussions
    - a.   Discussions to date – none
    - b.   Status of settlement discussions – N/A
    - c.   Request for settlement conference – no.

Dated: New York, New York
October 4, 2010

                                Mathew Paulose Jr., Esq.
                                Koehler & Isaacs LLP
                                61 Broadway, 25th Fl.
                                New York, NY 10006
                                *Attorneys for Defendants*
                                By: s/Mathew Paulose Jr., Esq.


                                Michael H. Bernstein, Esq.
                                SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                125 Broad Street
                                39th Floor
                                New York NY 10004-2400
                                (212) 898-4011
                                By: s/ Michael H. Bernstein (MB 0579)

*[Handwritten: A status conference shall be held on 1/7/11 at 10:00 a.m.]*

SO ORDERED:

*[Signature]*

HON. RICHARD J. HOLWELL

*[Handwritten: 10/14/10]*